**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| **WELDON A. LINDSEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL FILE ACTION NO.:** |
| **v.** | ) |
| | ) |
| **PROFILE CUSTOMS** | ) |
| **EXTRUSIONS** | )      **Jury Trial Demanded** |
| | ) |
| **Defendant** | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff Weldon A. Lindsey (hereinafter "Plaintiff") by and through counsel, hereby files his Complaint for Damages and Injunctive Relief against Profile Customs Extrusions and shows the Court the following:

## Jurisdiction and Venue

1.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. *et. seq.* , 42 U.S.C.A. § 1981, and the Age Discrimination in Employment Act.

2.

The jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331.

1

3.

Plaintiff timely filed discrimination charges with the U.S. Equal

Employment Commission  and a notice of right to sue was received bearing the

date of June 21, 2018 as the date it was mailed.

4.

Plaintiff timely filed the complaint within ninety days of receipt of the notice

of right to sue.

5.

Plaintiff has exhausted all administrative remedies.

6.

Venue is proper in this Court under 42 U.S.C. 2000e-(f) (3).

**The Parties**

7.

During the relevant period, Plaintiff is a Caucasian male, and was at all times

herein a citizen and resident of the state of Georgia and is entitled to bring actions

of this kind and nature.

2

8.

Defendant is a foreign limited liability company that conducts business in the state of Georgia.  Its principal office address is 1405 Martinez Lane, Wylie, Texas, 75048.

9

Defendant is conducting business in the state of Georgia and has offices at 100 Anderson Road SW, Rome, GA  30161. It can be served by serving its registered agent, CT Corporation Systems.

**Facts**

10.

Plaintiff is a Caucasian male who was born on October 32, 1983.

11.

Plaintiff was employed by Defendant as an extrusion supervisor and supervised approximately thirteen employees.

12.

On July 25, 2016 , Plaintiff was terminated.  He was 53 years of age at the time of his termination.

13.

Plaintiff was replaced by an African American female who was substantially younger than Plaintiff.

14.

Plaintiff was aware at the time of his termination that management was being pressured to place more minorities in management, since at that time there were no minorities in management.

15.

Plaintiff was notified that he was being placed under investigation for

16.

Plaintiff continued to work during the entire time he was under "investigation."

17.

Plaintiff, due to his non-minority status and his age, had been concerned about the union's pressure on management to place minorities in management.

18.

Plaintiff was terminated even though he had never been warned about or told that his alleged infraction was against company policy and younger employees had committed more egregious infractions and had not been terminated.

## COUNT ONE:  GENDER DISCRIMINATION – TITLE VII

19.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

20.

Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the basis of his gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000 e *et. seq.*

21.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## COUNT TWO:  RACE DISCRIMINATION IN VIOLATION TITLE VII

22.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

23.

Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the basis of his race in violation of Title VII.

24.

As a direct and proximate result of Defendant's violation of Title VII Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## COUNT THREE:  RACE DISCRIMINATION IN VIOLATION OF
## 42 U.S.C. § 1981

25.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

26.

Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the basis of his race in violation of 42 U.S.C.A. § 1981.

27.

As a direct and proximate result of Defendant's violation of 42 U.S.C.A. § 1981, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## COUNT FOUR: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

28.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

29.

Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the basis of his age in violation of the Age Discrimination in Employment Act.

30.

As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has been damaged and is entitled to the relief set forth in her Prayer for Relief.

## PRAYER FOR RELIEF

A. Order Defendant to make Plaintiff, whole by providing appropriate back pay with prejudgment interest, and front pay in lieu of reinstatement, in amounts to be determined at trial, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practices.

B. Order Defendant to pay Plaintiff, compensatory, punitive damages and liquidated damages in an amount to be determined at trial;

C. Order Defendant to pay Plaintiff reasonable attorney fees and costs and other legal expenses incurred by them in this matter;

D. Order Defendant to pay Plaintiff an additional amount to offset the negative tax consequences of the balance of the Court's award in order to effectuate the essential purpose of the remedial goal expressed in the statutes, of making whole the victim of discrimination.

E. Order Defendant to remove and expunge or cause to be removed and expunged all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's employment file.

F. Order Defendant to institute and implement training programs, policies, practices and programs designed to ensure the company is free of age , race, and gender discrimination in any form.

G. Grant a permanent injunction Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere and/or violate any section of Title VII, and/or the Age Discrimination in Employment Act.

H. Award other legal and equitable relief that the Court deems fit;

I. A jury trial is demanded as to all issues triable to a jury.

Respectfully submitted this 14th day of December 2017.

/s/Jamie G. Miller
Jamie G. Miller
Attorney for Plaintiff
Georgia Bar Number: 507159

Jamie Miller Law, LLC
P.O. Box 14025
Atlanta, GA  30324-99938
404-375-8013 telephone
jgmiller@jamiemillerlaw.com

9

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing filing has been prepared using Times New Roman, 14-point font.

*/s/ Jamie Miller*
Jamie G. Miller
